| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF YORK | ) | SIXTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Pecola Hardin, | ) | Case No. **2021-CP-46-02886** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Wal-Mart Stores East, LP, Wal-Mart | ) | |
| Stores, Inc. | ) | |
| | ) | |
| Defendant, | ) | |

I, the undersigned employee of Stewart Law Offices, do hereby certify that I have served a copy of the foregoing Summons and Complaint, Plaintiff's First Set of Interrogatories to Defendants, Plaintiff's Supplemental Interrogatories to Defendants, and Plaintiff's First Requests for Production of Documents to Defendants in connection with the above-referenced case, by mailing a copy of the same by United States Mail, Certified Mail/Return Receipt Requested, postage prepaid, to the following addresses:

> CT Corporation System
> As Registered Agent for Wal-Mart Stores, East, LP
> 2 Office Park Court, Suite 103
> Columbia, SC 29223
>
> CT Corporation System
> As Registered Agent for Wal-Mart Stores, Inc.
> 2 Office Park Court, Suite 103
> Columbia, SC 29223

Deana M. Nelson

Rock Hill, South Carolina
September 27, 2021.

ELECTRONICALLY FILED - 2021 Sep 21 8:49 AM - YORK - COMMON PLEAS - CASE#2021CP4602886

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF YORK ) | SIXTEENTH JUDICIAL CIRCUIT |
| ) | |
| Pecola Hardin, ) | Case No. **2021-CP-46-_____** |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| vs ) | **(Jury Trial Demanded)** |
| ) | |
| Wal-Mart Stores East, LP, Wal-Mart ) | |
| Stores, Inc. ) | |
| ) | |
| Defendant, ) | |

**TO:    THE ABOVE-NAMED DEFENDANT AND DEFENDANT'S ATTORNEY:**

YOU MAY PLEASE TAKE NOTICE that you are hereby summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer on the attorney for the Plaintiff listed below at his office at Post Office Box 670, Rock Hill, South Carolina, 29731-6670, within thirty (30) days after service hereof excluding the date of such service.  If you fail to answer the complaint within the time aforesaid, Plaintiff will apply to the court for a judgment by default for the relief demanded in the complaint and any other relief deemed appropriate.

Respectfully submitted,

s/Tyler Bathrick
Tyler Bathrick (Bar #74944)
Attorney for Plaintiff
Stewart Law Offices, L.L.C.
Post Office Box 670
Rock Hill, South Carolina 29731-6670
(803)328-5600 - Telephone
(803)328-5876 – Facsimile
tyler@stewartlawoffices.net

Rock Hill, South Carolina
September 21, 2021

ELECTRONICALLY FILED - 2021 Sep 21 8:49 AM - YORK - COMMON PLEAS - CASE#2021CP4602886

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF YORK | ) | SIXTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Pecola Hardin, | ) | Case No. **2021-CP-46-____** |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs | ) | **(Jury Trial Demanded)** |
| | ) | |
| Wal-Mart Stores East, LP, Wal-Mart | ) | |
| Stores, Inc. | ) | |
| | ) | |
| Defendant, | ) | |

The Plaintiff, Pecola Hardin, complaining of the Defendants above names, alleges and pleads as follows:

## PARTIES

1.      Plaintiff, Pecola Hardin [hereinafter sometimes referred to as Plaintiff], is a citizen and resident of York County, South Carolina.

2.      Defendant Wal-Mart Stores East, LP and Defendant Wal-Mart Stores, Inc. [hereinafter referred to as Wal-Mart Defendants] are foreign corporations that regularly transact business in York County, South Carolina.

## JURISDICTION AND VENUE

3.      At all relevant times, the most substantial part of the acts and omissions committed by Defendants giving rise to this action occurred in York County, South Carolina.

4.      This Court has personal jurisdiction and subject matter jurisdiction over the claims raised in this Complaint.

ELECTRONICALLY FILED - 2021 Sep 21 8:49 AM - YORK - COMMON PLEAS - CASE#2021CP4602886

5.    Venue is proper in York County, South Carolina as Wal-Mart Defendants are located and operate in York County, South Carolina. Further, the acts and/or omissions giving rise to this cause of action arose in York County, South Carolina.

## FACTS

6.    At all relevant times, Wal-Mart Defendants were the owner and operator of Wal-Mart Supercenter (upon information and belief, Store Number 1144) located at 970 East Liberty Street in Rock Hill, South Carolina.

7.    At all relevant times, Plaintiff was a business invitee and guest of Defendants and the subject store and was properly and lawfully on the store premises with the express and/or implied permission of Defendants.

8.    On October 4, 2018, while Plaintiff was a business invitee and guest of Defendants in the subject store, Plaintiff was seriously injured when she stepped on a slippery substance on the floor of the store and fell. Plaintiff was unaware of the substance on the floor before the incident occurred.

9.    Upon information and belief, the slippery substance was emanating from a freezer containing ice.

10.    The slippery substance on the floor constituted an unsafe and/or dangerous condition that was created by the actions and non-actions of Defendants, or, in the alternative, Defendants had actual or constructive notice of the substance on the floor and knew or should have known that the substance on the floor constituted an unsafe and/or dangerous condition and failed to correct it despite reasonable opportunity to do so.

11. Defendants had not discovered, marked, or warned Plaintiff of the unsafe and/or dangerous condition, and she was injured through no fault of her own.

ELECTRONICALLY FILED - 2021 Sep 21 8:49 AM - YORK - COMMON PLEAS - CASE#2021CP4602886

12.    At all relevant times, Defendants owed a duty to store patrons, including Plaintiff, to maintain the premises in a safe condition, conduct proper and thorough safety and other inspections of the premises, discover and identify unsafe and dangerous conditions, take safety precautions to warn of or eliminate unreasonable risks of harm to store patrons, including Plaintiff, and to act appropriately so as not to cause injury and damage to store patrons, including Plaintiff.

13.    At all relevant times, Defendants owed a duty to store patrons, including Plaintiff, to maintain, operate, and/or manage the premises in a safe and defect free condition; in the event of the existence of a dangerous and/or unsafe condition, Defendants owed a duty to store patrons, including Plaintiff, to warn of such a dangerous and/or unsafe condition and to remove such danger and/or condition.

14.    Plaintiff realleges and reiterates the allegations contained in paragraphs 1 through 13 above and as if set forth verbatim herein.

15.    Defendants were negligent, grossly negligent, negligent per se, willful, wanton, and reckless and breached the duties owed to Plaintiff in one or more of the following ways:

a.    Creating dangerous and/or unsafe conditions within the store;

b.    Overseeing the creation of dangerous and/or unsafe conditions within the store;

c.    Failing to properly and thoroughly inspect the subject store;

d.    Failing to properly maintain the subject store;

e.    Failing to properly oversee that the subject store was maintained in a safe condition and free of dangerous conditions;

f.    Failing to properly safeguard against dangerous and/or unsafe conditions;

g.    Failing to warn store patrons, including Plaintiff, of the dangerous and/or unsafe conditions;

ELECTRONICALLY FILED - 2021 Sep 21 8:49 AM - YORK - COMMON PLEAS - CASE#2021CP4602886

h.    Failing to properly hire, train, supervise, retain, and/or monitor Defendants' employees and agents;

i.    Failing to properly identify and report dangerous and/or unsafe conditions at the subject store;

j.    In failing to have, implement, maintain, and/or follow corporate policies regarding the manner in which employees and agents are to carry out duties and responsibilities so that the safety and well-being of store patrons is not jeopardized;

k.    In failing to adequately hire, train, supervise, and/or monitor the activities of employees and agents in the subject store;

l.    In failing to follow generally accepted standards of care applicable to the operation of a commercial entity like the subject store;

m.    In failing to follow generally accepted standards of care applicable to employees and agents;

n.    In violating the industry standard of care for owning, controlling, supervising, operating, and managing a commercial entity like the subject store;

o.    Failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstance; and

p.    Such other and further particulars as the evidence at trial may show.

All of which were the direct and proximate cause of injuries and damages suffered by Plaintiff, as more fully set forth below, said acts being in violation of the laws, statutes, regulations, ordinances, industry standards, customs, and practices of the state of South Carolina and the United States.

ELECTRONICALLY FILED - 2021 Sep 21 8:49 AM - YORK - COMMON PLEAS - CASE#2021CP4602886

16.    That Defendants' negligent, grossly negligent, negligent per se, willful, wanton, and reckless conduct and breach of the duties owed to Plaintiff were the direct and proximate cause of the incident and injuries described herein.

17.    That as the direct and proximate result of the aforementioned negligent, grossly negligent, careless, reckless, willful, and wanton acts or omissions of Defendant, Plaintiff:

   a.    Was severely, seriously, and painfully injured;

   b.    Suffered injuries to her right knee/lower extremity, from which the Plaintiff is informed and believes she will have permanent adverse affect and disability;

   c.    Underwent two surgeries to her right knee, including a knee replacement;

   d.    Suffered and continues to suffer from said injuries;

   e.    Was subjected to the administration of strong and potent drugs, which Plaintiff believes will continue;

   f.    Has incurred, and will incur in the future, substantial medical and doctor bills;

   g.    Suffered past and future physical and mental pain and suffering;

   h.    Suffered permanent injuries/impairment and disfigurement to her right knee;

   i.    Suffered and will continue to suffer mental, emotional and psychological damage;

   j.    Has suffered and will continue to suffer loss of enjoyment of life.

18.    Defendants are liable to Plaintiff, including liability under the doctrine of *Respondeat Superior* and agency, for the negligent, negligent per se, grossly negligent, careless, reckless willful and wanton conduct of each Defendant and its respective employees and agents, such conduct consisting of more or more of the particulars described herein.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, for such sum of actual and punitive damages that a trier of fact may find, for the costs of this action, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

s/ Tyler Bathrick
Tyler Bathrick (S.C. Bar #74944)
Stewart Law Offices, L.L.C.
Post Office Box 670
Rock Hill SC 29731
Telephone:  (803) 328-5600
Facsimile:   (803) 328-5876
tyler@stewartlawoffices.net

*Attorneys for Plaintiff*

Rock Hill, South Carolina
September 21, 2021

ELECTRONICALLY FILED - 2021 Sep 21 8:49 AM - YORK - COMMON PLEAS - CASE#2021CP4602886

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF YORK | ) | SIXTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Pecola Hardin, | ) | Case No. **2021-CP-46-02886** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **PLAINTIFF'S FIRST SET OF** |
| | ) | **STANDARD INTERROGATORIES** |
| Wal-Mart Stores East, LP, Wal-Mart | ) | **TO DEFENDANTS** |
| Stores, Inc. | ) | |
| | ) | |
| Defendant, | ) | |

**TO:   THE ABOVE-NAMED DEFENDANTS:**

As authorized by Rule 33, SCRCP, Plaintiff requests Defendant answer the following interrogatories and—within thirty (30) days of service or forty-five (45) days of service of the summons and complaint, whichever is longer—serve a copy of the answers to the undersigned.

## INSTRUCTIONS

(A)    Every interrogatory herein shall be deemed a continuing interrogatory, and you are to supplement your answers promptly, if and when you obtain relevant information in addition to, or in any way inconsistent with, your initial answer to any such interrogatory, in accordance with Rule 26 (e) of the South Carolina Rules of Civil Procedure.

(B)    Should privilege be claimed with regard to any information requested herein, the answer must in each instance state specifically the information sought, the privilege claimed, and the ground on which the claim of such privilege is based. Should Defendant be unable for reasons other than privilege to provide any information requested herein, the answer must in each such instance indicate specifically the information sought, the reason such information is presently

1

unavailable, and an estimate of the time within which such information will be presented to the undersigned.

If you object to any portion of an interrogatory on the ground that it seeks privileged information, identify all persons to whom such information has been disclosed, the nature of the privilege asserted, and the dates of any communications for which privilege is asserted.

If you object to an interrogatory on the ground that it is too broad (i.e., that it calls for some information which is relevant to the subject matter of the action and some information which is not), provide such information which is concededly relevant. If you object to an interrogatory on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. For those portions of any interrogatory to which you object to or otherwise decline to answer, state the reason for such objection or declination.

(C) When an interrogatory requests the identity of a natural person, the answer thereto should contain the following: (1) the full name of such person; (2) the employer and job title of such person at the time of the event, transaction, or occurrence to which the interrogatory relates; (3) the present employer and job title of such person, if known, and (4) the last known residential address and telephone number of such person. When an interrogatory requests the identity of a corporation, partnership, association, or other entity, the answer thereto should contain the following: (1) the full legal name of such entity; (2) all names by or under which such entity operates or otherwise conducts business; (3) the address of the principal place of business of such entity; (4) the State in which the organizational documents for such entity were filed or registered; (5) the name and address of the entity's agent for service of process, if known; and (6) the name

of all persons who acted on behalf of such entity with respect to the subject matter of this interrogatory.

(D)    When an interrogatory asks for the identity of or a description of a document, the answer thereto should contain the following:  (1) the title, heading, or caption of such document; (2) identifying numbers or letters or combination thereof, if any, and an explanation of the significance of such numbers, letters of combination thereof; (3) all dates appearing on such document as dates that such document was dictated, prepared, mailed, received, or any combination thereof or, if no such date appears thereon, the answer should so state and should give the exact or approximate date that such document was prepared; (4) a description of the general nature of the document and the number of pages of which it consists; (5) the name of each person known to have participated in the preparation thereof; (6) the name of the addressee of the document and the names of all persons to whom such document or copy thereof was sent; and (7) the name of the person who has custody of the original of such document and the name of each person with custody over a copy thereof.  The foregoing information shall be given in sufficient detail to enable a person to whom a subpoena is directed to identify fully the document to be produced and to enable this party to determine that the document produced in response to such subpoena is, in fact, the document identified in the answer to the interrogatory.  The document itself may be produced as an alternative to providing such description.

## DEFINITIONS

(A)    As used in these requests, the term "document" means any handwritten, typewritten, printed, recorded, electronic or graphic matter including all copies of the above, however produced or reproduced, in the possession, custody or under the control of Plaintiff and whether or not claimed to be privileged, including, but not limited to, correspondence, reports,

meeting minutes, memoranda, notes, schedules, photographs, ledgers, requisitions, journals, books

of accounts, contracts, drawings, blueprints, checks, diaries and electronically stored data.

(B)    "Identify" or "identity" when used in reference to a person means to state his full

name, his present or last know address, telephone number and his present or last known position

and business affiliation.

(C)    "Describe" or "description" (i) if used in reference to a person means to identify

each individual person and (ii) when used in reference to a document means to state the following

as to each document.

(a)    The nature and contents thereof;

(b)    The date thereof;

(c)    The name, present address and position of the author or signer thereof;

(d)    The name, address and position of the addressee, if any, and

(e)    The present location thereof and the name, present address and position of the

person or persons having present custody thereof.

## INTERROGATORIES

1.    Give the names and addresses of persons known to the parties or counsel to be

witnesses concerning the facts of the case and indicate whether or not written or recorded

statements have been taken from the witnesses and indicate who has possession of such statements.

2.    Set forth a list of photographs, plats, sketches or other prepared documents in

possession of the party that relates to the claim or defense in this case.

3.    Set forth the names and addresses of all insurance companies which have liability

insurance coverage relating to the claim and set forth the number or numbers of the policies

involved and the amount or amounts of liability coverage provided in each policy.  Also indicate

whether any reservation of rights, controversy, or coverage dispute exists between you and the insurance company, and, if so, its nature.

    4.    List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case, and include in your response a complete statement of all opinions to be expressed and the basis and reasons therefor; the data and other information considered by the expert in forming the opinions; any exhibits to be used as a summary of or support for the opinions; and citations of any treatise, text or other authority upon which each expert especially relied.

    5.    For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

    6.    If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct information.

Respectfully submitted,

Tyler Bathrick (Bar #74944)
Attorney for Plaintiff
Stewart Law Offices, L.L.C.
Post Office Box 670
Rock Hill, South Carolina 29731-6670
(803)328-5600 - Telephone
(803)328-5876 – Facsimile
tyler@stewartlawoffices.net

Rock Hill, South Carolina
September 21, 2021

5

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF YORK ) SIXTEENTH JUDICIAL CIRCUIT
)
Pecola Hardin, ) Case No. **2021-CP-46-02886**
)
      Plaintiff, )
)
    vs )  **PLAINTIFF'S SUPPLEMENTAL**
) **INTERROGATORIES TO DEFENDANTS**
Wal-Mart Stores East, LP, Wal-Mart )
Stores, Inc. )
)
      Defendant, )
_____ )

**TO:    THE ABOVE-NAMED DEFENDANTS:**

As authorized by Rule 33, SCRCP, Plaintiff requests Defendant answer the following interrogatories and—within thirty (30) days of service or forty-five (45) days of service of the summons and complaint, whichever is longer—serve a copy of the answers to the undersigned.

### INSTRUCTIONS

(A)    Every interrogatory herein shall be deemed a continuing interrogatory, and you are to supplement your answers promptly, if and when you obtain relevant information in addition to, or in any way inconsistent with, your initial answer to any such interrogatory, in accordance with Rule 26 (e) of the South Carolina Rules of Civil Procedure.

(B)    Should privilege be claimed with regard to any information requested herein, the answer must in each instance state specifically the information sought, the privilege claimed, and the ground on which the claim of such privilege is based.  Should Defendant be unable for reasons other than privilege to provide any information requested herein, the answer must in each such instance indicate specifically the information sought, the reason such information is

presently unavailable, and an estimate of the time within which such information will be presented to the undersigned.

If you object to any portion of an interrogatory on the ground that it seeks privileged information, identify all persons to whom such information has been disclosed, the nature of the privilege asserted, and the dates of any communications for which privilege is asserted.

If you object to an interrogatory on the ground that it is too broad (i.e., that it calls for some information which is relevant to the subject matter of the action and some information which is not), provide such information which is concededly relevant. If you object to an interrogatory on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. For those portions of any interrogatory to which you object to or otherwise decline to answer, state the reason for such objection or declination.

(C)     When an interrogatory requests the identity of a natural person, the answer thereto should contain the following: (1) the full name of such person; (2) the employer and job title of such person at the time of the event, transaction, or occurrence to which the interrogatory relates; (3) the present employer and job title of such person, if known, and (4) the last known residential address and telephone number of such person. When an interrogatory requests the identity of a corporation, partnership, association, or other entity, the answer thereto should contain the following: (1) the full legal name of such entity; (2) all names by or under which such entity operates or otherwise conducts business; (3) the address of the principal place of business of such entity; (4) the State in which the organizational documents for such entity were filed or registered; (5) the name and address of the entity's agent for service of process, if known; and (6)

2

the name of all persons who acted on behalf of such entity with respect to the subject matter of this interrogatory.

(D) When an interrogatory asks for the identity of or a description of a document, the answer thereto should contain the following: (1) the title, heading, or caption of such document; (2) identifying numbers or letters or combination thereof, if any, and an explanation of the significance of such numbers, letters of combination thereof; (3) all dates appearing on such document as dates that such document was dictated, prepared, mailed, received, or any combination thereof or, if no such date appears thereon, the answer should so state and should give the exact or approximate date that such document was prepared; (4) a description of the general nature of the document and the number of pages of which it consists; (5) the name of each person known to have participated in the preparation thereof; (6) the name of the addressee of the document and the names of all persons to whom such document or copy thereof was sent; and (7) the name of the person who has custody of the original of such document and the name of each person with custody over a copy thereof. The foregoing information shall be given in sufficient detail to enable a person to whom a subpoena is directed to identify fully the document to be produced and to enable this party to determine that the document produced in response to such subpoena is, in fact, the document identified in the answer to the interrogatory. The document itself may be produced as an alternative to providing such description.

## DEFINITIONS

(A) As used in these requests, the term "document" means any handwritten, typewritten, printed, recorded, electronic or graphic matter including all copies of the above, however produced or reproduced, in the possession, custody or under the control of Plaintiff and whether or not claimed to be privileged, including, but not limited to, correspondence, reports,

meeting minutes, memoranda, notes, schedules, photographs, ledgers, requisitions, journals, books of accounts, contracts, drawings, blueprints, checks, diaries and electronically stored data.

(B)    "Identify" or "identity" when used in reference to a person means to state his full name, his present or last know address, telephone number and his present or last known position and business affiliation.

(C)    "Describe" or "description" (i) if used in reference to a person means to identify each individual person and (ii) when used in reference to a document means to state the following as to each document.

(a)    The nature and contents thereof;

(b)    The date thereof;

(c)    The name, present address and position of the author or signer thereof;

(d)    The name, address and position of the addressee, if any, and

(e)    The present location thereof and the name, present address and position of the person or persons having present custody thereof.

## INTERROGATORIES

1.    Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2.    Set forth a list of photographs, plats, sketches or other prepared documents in possession of the party that relates to the claim or defense in this case.

3.    Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy. Also indicate

whether any reservation of rights, controversy, or coverage dispute exists between you and the insurance company, and, if so, its nature.

4.      List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case, and include in your response a complete statement of all opinions to be expressed and the basis and reasons therefor; the data and other information considered by the expert in forming the opinions; any exhibits to be used as a summary of or support for the opinions; and citations of any treatise, text or other authority upon which each expert especially relied.

5.      For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

6.      If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct information.

7.      For the last five years from the date of the fall alleged in the Complaint, state whether anyone has fallen, or allegedly fallen, on the premises near the location of Plaintiff's fall. If the answer is yes, please provide the date of the incident, case caption (if applicable), and the names, addresses, and phone number of the individual who fell. Additionally, please provide a copy of associated witness reports.

8.      Provide all policies or procedures Defendant used at the time of the fall alleged in the Complaint to identify dangerous conditions on its property.

5

9.     Provide all policies or procedures Defendant used at the time of the fall alleged in the Complaint to ensure customers are warned of any dangerous condition on its property.

10.    Provide all training Defendant provided to its employees related to identifying dangerous conditions or warning customers of dangerous conditions on its.

11.    Identify any policies and procedures in place on or before the date of the incident complained of in the complaint regarding safety of the freezer and refrigerated sections of the store.

12.    Identify any policies and procedures in place on or before the date of the incident complained of in the complaint regarding clean up protocols in the freezer and refrigerated sections of the store.

13.    List the names, addresses and phone numbers of the employees who were working in the area where Plaintiffs fall occurred for the period of one week prior to the fall through the date Plaintiff fell.

Respectfully submitted,

_____
Tyler Bathrick (Bar #74944)
Attorney for Plaintiff
Stewart Law Offices, L.L.C.
Post Office Box 670
Rock Hill, South Carolina 29731-6670
(803)328-5600 - Telephone
(803)328-5876 – Facsimile
tyler@stewartlawoffices.net

Rock Hill, South Carolina
September 21, 2021

6

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF YORK | ) | SIXTEENTH JUDICIAL CIRCUIT |
| | ) | |
| Pecola Hardin, | ) | Case No. **2021-CP-46-02886** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **PLAINTIFF'S FIRST SET OF** |
| | ) | **REQUESTS FOR PRODUCTION OF** |
| Wal-Mart Stores East, LP, Wal-Mart | ) | **DOCUMENTS TO DEFENDANTS** |
| Stores, Inc. | ) | |
| | ) | |
| Defendant, | ) | |

**TO:    THE ABOVE-NAMED DEFENDANTS:**

As authorized by Rule 34, SCRCP, Plaintiff requests Defendant produce the requested documents for inspection and copying—within thirty (30) days of service or forty-five (45) days of service of the summons and complaint, whichever is longer—at the office of the undersigned attorney for Plaintiff, at Stewart Law Offices, LLC, 10 Calendar Court, Suite 100, Columbia, South Carolina 29206.

## DEFINITIONS AND INSTRUCTIONS

A.    As used herein, the term "you", "your", or "Defendant" shall mean Jasmine Dismal, and her employees, contractors, servants, attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of you whether authorized to do so or not.

B.    The term "documents" shall mean all writings, papers, books, accounts, drawings, graphs, charts, photographs, and electronic and videotape recordings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether such was intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.    The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.    It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or accessible through, computer or other information storage or retrieval systems, together

with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; cancelled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and guaranty agreements; financial statements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; loan applications; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities, and specifically including inter-office and intra-office memos; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received, transcripts of testimony; UCC instruments; workpapers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

C.    The term "Person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

D.    Unless defined otherwise in an individual Request for Production "Identify", "Identity", or "Identification" have the following meanings:

1.    When used in reference to a <u>person,</u> "identify", "identity", or "identification" means to state his/her full name, present or last known residence address, present or last known business address, and residence and business telephone numbers.

2.    When used in reference to a <u>public or private corporation</u>, <u>governmental entity</u>, <u>partnership</u>, <u>association</u>, or <u>any other business entity</u>, "identify", "identity", or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

3.    When used in reference to a <u>document</u>, "identify", "identity", or "identification" shall include a statement of the following:

(a)    the title, heading, or caption, if any, or such document; and

2

    (b)    the identifying numbers, letters, or combination thereof, if any, and the significance or meaning of such numbers, letters, or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery; and

    (c)    the date appearing on such document; and if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared; and

    (d)    the number of pages and the general nature of description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so as to enable such document to be precisely identified; and

    (e)    the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it; and

    (f)    the name and capacity of the person to whom such document was addressed and the name and capacity of such persons, other than such addressee, to whom such document, or a copy thereof, was sent; and

    (g)    the physical location of the document and the name of its custodian or custodians.

4.    When used in reference to a <u>statement</u>, "identify", "identity", or "identification" means the following:

    a.    the identity of the person who made the statement, the person who took or recorded the statement, and all persons present during the making of the statement; and

    b.    the date, location, and method by which the statement was taken and/or recorded; and

    c.    the identity of the person or persons who has present or last known possession, custody, or control of the statement.

E.    If any document which would be responsive to any Request for Production herein was, but is no longer, in your possession or subject to your control, or is no longer in existence, identify each document, in the manner defined herein above, and by additionally stating whether it is missing or lost, it has been destroyed, it has been transferred voluntarily to others, or it has been otherwise disposed of, and in each instance in which it has been destroyed, transferred, or disposed of:

3

1.      Explain the circumstances surrounding such disposition; and

2.      Identify the persons(s) directing or authorizing its destruction or transfer; and

3.      The date(s) of such direction or authorization; and

4.      Whether the document (or copies) are still in existence, and if so, identify the custodians(s) and its (or their) present locations(s).

F.      "Expert" means any expert who may, will, or is expected to testify at trial, either in your case in chief or rebuttal, by deposition or live testimony, and any expert who has been informally consulted, retained, or specially employed in anticipation of litigation or preparation for trial but who will not be called to testify and whose opinions, test results, factual observations, data, or work product forms a basis either in whole or in part of any expert who will or may be called as a witness.

## OBJECTIONS

If you object to any interrogatory or any portion thereof on the grounds it requests information that is privileged or falls within the work-product doctrine, provide the following information, except as it may call for the precise information you object to disclosing:

1.      State the nature of the privilege or doctrine you claim.

2.      If a document:

a.      Identify it; and

b.      Identify all persons known to you to have seen the document.

3.      If an oral communication:

a.      Identify it; and

b.      Identify all persons known to you to whom the substance of the oral communication has been disclosed.

## <u>REQUESTS FOR PRODUCTION</u>

1.      Produce a certified copy of all liability, uninsured, and underinsured policies, including any excess or umbrella policies, covering the Defendant on the date of the collision.

2.      Produce all reports, correspondence, notes, diaries, calendars, videotapes, diagrams, charts, memos, and any other documents concerning any issues raised by this lawsuit,

including any reports, correspondence, notes, diaries, calendars, videotapes, diagrams, charts, memos, and any other documents produced by any witness, expert witness, or any other person having or claiming to have knowledge of any matter relevant to the issues in this case.

3.    Produce copies of all statements, whether written, oral, or transcribed, that relate in any manner to the allegations of the Complaint or to any defense of the Defendant, regardless of who took the statement.

4.    Produce a complete copy of all office records, law enforcement records, public reports, accident reports, drawings, etc. related to this action.

5.    Produce every document, tangible object, or other item of real, demonstrative, or documentary evidence which contains, or may contain, information which is or may be relevant to any of the issues involved in this action.

6    Produce copies of all photographs relevant to the issues in this case.

7.    Produce all resumes, reports, opinions, correspondence, memoranda, or other documentation provided to Defendant or Defendant's attorneys from any expert consulted by or retained by Defendant in this litigation, regardless of whether the expert witness will be called as a witness by Defendant at the trial of this matter.

8.    Produce a complete and accurate copy of all documents referenced in Defendant's Answers to Interrogatories.

9.    Produce all diagrams, sketches, drawings, prints, negatives, and layouts that relate in any manner to the allegations of the Complaint, the defenses of the Defendant, or the incident scene.

10.    Produce all the evidence Defendant relied upon in denying the allegations set forth in the Plaintiff's Complaint.

11.    Produce all demonstrative or physical evidence which Defendant intends to introduce into evidence in this case.

12.    Produce all videos or photographs of the Plaintiff, Plaintiff's family members, or any other witnesses – including video of Plaintiff's accident

14.    Produce all documents received using subpoena, FOIA, or authorization.

15.    Produce copies of any policy or procedure related to inspecting for or identifying dangerous conditions and warning gusts of such dangerous conditions.

Respectfully submitted,

Tyler Bathrick (Bar #74944)
Attorney for Plaintiff
Stewart Law Offices, L.L.C.
Post Office Box 670
Rock Hill, South Carolina 29731-6670
(803)328-5600 - Telephone
(803)328-5876 – Facsimile
tyler@stewartlawoffices.net

Rock Hill, South Carolina
September 27, 2021

6